CASE NO. 23-1268

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PANOCHE ENERGY CENTER, LLC,

Petitioner,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, Administrator of the U.S. Environmental Protection Agency, in his official capacity; and MARTHA GUZMAN ACEVES, Regional Administrator of the U.S. Environmental Protection Agency, Region IX

Respondents.

*On Review from Final Permit Decision of U.S. Environmental Protection Agency UIC Permit No. R9UIC-CA1-FY17-2R*

**PANOCHE ENERGY CENTER, LLC'S
REPLY IN SUPPORT OF
MOTION TO RECALL AND STAY THE MANDATE**

K&L GATES LLP
Ankur K. Tohan, WSBA No. 36752
J. Timothy Hobbs, WSBA No. 42665
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: 206-623-7580
ankur.tohan@klgates.com
tim.hobbs@klgates.com

*Attorneys for Petitioner Panoche Energy Center, LLC*

I.  **INTRODUCTION**

Panoche Energy Center, LLC ("Panoche") seeks a stay of the Court's mandate under Fed. R. App. P. 41(d)(1) to preserve its ability to petition the Supreme Court for certiorari. EPA acknowledges that the permit condition at issue requiring Panoche to construct a groundwater monitoring well on its neighbor's property cannot be complied with because the neighbor declined to grant access to drill the well. But EPA refuses to grant an administrative stay of the permit condition. EPA also has not disavowed taking enforcement action while the parties negotiate an alternative condition. Faced with the prospect of an enforcement action and permit revocation for non-compliance with an impossible permit condition, EPA has left Panoche with no choice but to seek relief from the Court to preserve the status quo while Panoche exhausts its options to challenge the condition at issue.

Panoche and EPA are conferring about a permit modification and met twice in August to discuss options. EPA is presently reviewing Panoche's proposal for an alternative condition. The assertions in EPA's brief that Panoche merely seeks to delay are incorrect. Because compliance with the permit condition at issue is not possible in any event, staying the Court's mandate will have no practical consequence other than to shield Panoche from an enforcement action while it exhausts its appellate options.

– 1 –

## II. ARGUMENT

A party may move to stay the mandate under Fed. R. App. P. 41(d)(1) by showing that a petition for certiorari would present a substantial question and that there is good cause for a stay. The Court's general practice is to grant a motion for a stay of the mandate if the arguments presented therein are not frivolous. *See Epic Games, Inc. v. Apple, Inc.*, 73 F.4th 785 (9th Cir. 2023) (M. Smith, J., in concurrence); *United States v. Pete*, 525 F.3d 844, 850 (9th Cir. 2008). Because both elements of Fed. R. App. P. 41(d)(1) are met here, and the filing of a petition for a writ of certiorari would not be frivolous or made merely for the purpose of delay, Panoche respectfully urges the Court to grant the motion.[1]

### A. There is Good Cause for a Stay

It is undisputed that compliance with the permit condition that Panoche challenged in this case is not possible. *See* ECF No. 52.2 at ¶ 3; ECF No. 50.1 at ¶ 3, Ex. A. In its ruling on the merits, the Court observed that, "[i]f, after negotiating with the neighboring landowner, Panoche is unable to secure access to the necessary land, the permit allows Panoche to request changes to the monitoring condition." ECF No. 45.1 at 4 (citing 40 C.F.R. § 144.39(a)(2)). Panoche met twice with EPA in August of 2024 to discuss an alternative monitoring condition. *See* ECF No. 50.1

---

[1] Panoche also moved to recall the mandate, as the mandate had issued prior to the deadline for a motion to stay the mandate. *See* ECF No. 49.1 at 12-13. The Court recalled the mandate on August 16, 2024, ECF No. 51.1, so that portion of Panoche's motion is moot.

at ¶ 5; Second Declaration of Warren MacGillivary filed herewith ("Second MacGillivary Decl."), at ¶ 7. At the most recent meeting on August 29, 2024, Panoche submitted a written proposal, which EPA is now in the process of reviewing. *See* Second MacGillivary Decl. at ¶ 7. Discussions between the parties to identify an alternative condition are thus proceeding apace.

The assertions in EPA's brief that Panoche merely seeks to delay compliance, ECF No. 52.1 at 5, 10-11, are thus without merit.[2] Staying the mandate would have no effect on compliance with the condition in Panoche's permit because compliance is not possible. The impossibility of compliance with the permit condition demonstrates that the motion to stay the mandate is not being made merely for the purposes of delay.

Even though EPA agrees that compliance is not possible, EPA declined Panoche's request to stay the monitoring condition while the parties discuss an alternative. *See* ECF No. 50.1 at 15 ("We are not granting an administrative stay of the monitoring well condition."). The permit states that non-compliance with its

---

[2] Two other assertions in EPA's brief are also without merit. EPA's brief wrongly asserts that Panoche "has not disclosed the full story" about site access, ECF No. 52.1 at 10. EPA contends that the landowner was open to the idea of re-entering and re-plugging the Silver Creek No. 18 well. *Id*. That was not something required by Panoche's permit or that the landowner discussed with Panoche. *See* Second MacGillivray Decl. at ¶ 4. EPA's brief also wrongly asserts that Panoche "waited until after this Court's ruling to finally contact the owner of the property on which Silver Creek #18 is located." ECF No. 52.1 at 9. Panoche previously reached out to the landowner in 2023, but he did not provide an answer about site access at that time. *See* Second MacGillivray Decl. at ¶ 5; *see also* ECF No. 5.5 at ¶¶ 34-35.

– 3 –

terms could subject Panoche to an enforcement action, including revocation of the permit. *See* AR 1-ER-0076. Panoche cannot operate without this permit. *See* ECF No. 5.5 at ¶ 36 ("The Facility cannot operate without a way to dispose of its wastewater and Panoche would not operate the Facility out of compliance with its Permit."). Thus, Panoche faces an existential threat from a possible enforcement action that EPA has not disavowed.

In these circumstances, Panoche has no alternative but to exhaust its appellate options. Good cause therefore exists to stay the mandate so Panoche can seek further judicial review of the condition at issue without threat of an intervening enforcement action that would render moot such further review.

### B. A Petition for Certiorari Would Present a Substantial Question

Panoche explained in its motion that a petition for certiorari would also "present a substantial question." Fed. R. App. P. 41(d)(1). *See* ECF No. 49.1 at 10-12. In response, EPA grafts the requirements for a certiorari petition under S. Ct. R. 10 onto the requirements to stay the mandate under Fed. R. App. P. 41(d)(1). ECF No. 52.1 at 7-8. But that approach conflicts with this Court's "general practice of granting a motion for a stay if the arguments presented therein are not frivolous." *Epic Games, Inc. v. Apple, Inc.*, 73 F.4th 785 (9th Cir. 2023) (M. Smith, J., in concurrence), citing *United States v. Pete*, 525 F.3d 844, 850 (9th Cir. 2008) (it is "often the case" that the Court stays the mandate while a party seeks certiorari).

– 4 –

EPA does not address the Court's general practice, nor does EPA contend that Panoche's arguments are "frivolous." The Court should therefore follow its general practice here and grant a temporary stay of the mandate to permit Panoche to pursue further review.

Panoche has consistently maintained that EPA's actions in this case exceed the scope of its authority under the Safe Drinking Water Act, 42 U.S.C. §§ 300h, 300h-5. Panoche contends those statues do not provide authority for EPA to force Panoche to drill a monitoring well without regard to the costs, the relative value of the information obtained, Panoche's ability to comply with the condition, and other site-specific factors that undercut EPA's decision. *See, e.g.*, ECF Nos. 19.1 at 22-49; 36.1 at 3-25; 46.1.

The position EPA took in this case—that the Act does not require EPA "to consider the costs to [Panoche] of installing a monitoring well near Silver Creek # 18," ECF No. 27.1 at 47—is similar to the position EPA took in *Michigan v. EPA*, and that the Supreme Court struck down. 576 U.S. 743, 752-53 (2015) (rejecting EPA's contention that costs are not relevant because agencies "have long treated cost as a centrally relevant factor when deciding whether to regulate," and "reasonable regulation ordinarily requires paying attention to the advantages and the disadvantages of agency decisions"). This case therefore presents substantial federal questions about the scope of EPA's regulatory authority under the Safe Drinking

– 5 –

Water Act, the factual basis required for EPA to impose permit conditions, and the extent to which EPA must grapple with factual circumstances that undercut its permitting decisions.

### III. CONCLUSION

Panoche respectfully asks the Court to stay its mandate so that Panoche can exhaust its appellate options without threat of an enforcement action from EPA that could render moot further judicial review.

DATED this 3rd day of September, 2024.

        Respectfully submitted,

        K&L GATES LLP

        By: *s/ J. Timothy Hobbs*
        Ankur K. Tohan, WSBA No. 36752
        J. Timothy Hobbs, WSBA No. 42665
        925 Fourth Avenue, Suite 2900
        Seattle, WA 98104-1158
        Tel: 206-623-7580
        ankur.tohan@klgates.com
        tim.hobbs@klgates.com

        *Attorneys for Petitioner Panoche Energy Center, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I arranged for the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature: */s/ Dara Cancel*

Dara A. Cancel
501 Commerce Street, Suite 1500,
Nashville, TN 37203
Tel: 615-514-1816
Dara.Cancel@klgates.com